UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| AM RESEARCH GROUP, LLC,<br>    *Plaintiff,*<br><br>vs.<br><br>AI Systems, Inc.,<br>    *Defendant.* | Civil Action No. _____<br><br>**Jury Trial Demanded** |

### PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff AM Research Group, LLC ("AMRG") brings this Complaint against Defendant AI Systems, Inc. ("AIS") for patent infringement. In support, AMRG respectfully shows as follows:[1]

### I. THE PARTIES

1. AMRG is a Texas limited liability company with its principal place of business in Texas.

2. AIS is a Texas corporation, which may be served through its registered agent: LegalCorp Services, LLC, 21335 Park Brook Dr., Katy, TX 77450.

---

[1] AMRG's allegations relating to itself are based on personal knowledge, while AMRG's allegations relating to AIS are made upon information and belief.

## II.   JURISDICTION AND VENUE

3.   This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.   This Court has personal jurisdiction over AIS because it conducts business in this district, the State of Texas, and in the United States.  This Court also has personal jurisdiction over AIS because it has committed acts of patent infringement, induced acts of patent infringement by others, contributed to patent infringement by others, and/or advertised infringing products in this district, the State of Texas, and in the United States.  AIS is subject to the Court's general jurisdiction from regularly doing or soliciting business in this district and Texas, as well as deriving substantial revenue from goods and services provided to persons or entities in this district and Texas.

5.   Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because AIS is a Texas corporation.  Venue is also proper because AIS is subject to personal jurisdiction in this district, AIS has regularly conducted business in this district, and AIS's acts complained of have occurred in this district.

## III.   THE PATENT-IN-SUIT AND STANDING

6. The United States Patent and Trademark Office ("PTO") duly and legally issued U.S. Patent No. 6,435,775 ("'775 patent") after a full and fair examination. A copy of the '775 patent is attached as Exhibit A and incorporated here by reference.

7. AMRG is the exclusive licensee of all substantial rights of and to the '775 patent and possesses all rights of recovery for past, present, and/or future infringement of the '775 patent.

## IV.   AIS'S PATENT INFRINGEMENT

8. AMRG incorporates the preceding paragraphs by reference.

9. The '775 patent is valid and presumed valid under 35 U.S.C. § 282. The '775 patent is also enforceable.

10. The requirements of 35 U.S.C. § 287 have been fully complied with during all relevant time periods. AMRG has provided notice to AIS of its infringement. There is no limitation on damages.

11. Pursuant to 35 U.S.C. § 271(a), AIS has infringed one or more of the '775 patent claims by making, using, offering for sale, selling, importing, and/or renting AIS's offshore buoyancy systems and modules made to work with risers, which fall within the scope of one or more of the claims of the '775 patent.

12.  Additionally and/or alternatively, pursuant to 35 U.S.C. § 271(b) & (c), AIS has contributed to and/or induced infringement by direct and indirect third party customers by marketing, promoting (including providing instructions for use), selling, offering for sale, importing, and/or renting its offshore buoyancy systems and modules made to work with risers, which fall within the scope of one or more of the claims of the '775 patent, to these customers.  At all relevant time periods, AIS had the requisite intent to be held liable for indirect infringement, including, but not limited to, having actual knowledge of the '775 patent and instructing its third party customers on the use of AIS's products in an infringing manner.

13.  AIS's acts of infringement have caused and will continue to cause AMRG damage.  AIS is liable to AMRG in an amount that adequately compensates AMRG for AIS's infringement, which can be no less than a reasonable royalty together with interest and costs pursuant to 35 U.S.C. § 284.

14.  AMRG's damage will continue unless and until enjoined by this Court. These infringing acts have caused and will continue to cause immediate and irreparable harm for which there is no adequate remedy at law.

15.  AIS's infringement of the '775 patent has been willful pursuant to 35 U.S.C. § 284, entitling AMRG to enhanced damages.  During all relevant time periods, AIS had knowledge of the '775 patent and chose to commit egregious acts of infringement of the '775 patent despite this knowledge.

16. This is an exceptional case pursuant to 35 U.S.C. § 285, entitling AMRG to its attorneys' fees and other litigation costs.

## V.   JURY DEMAND

17. Pursuant to Fed. R. Civ. P. 38, AMRG demands a jury trial of all issues so triable.

## VI.   PRAYER FOR RELIEF

18. WHEREFORE, AMRG prays for the following relief from the Court and Jury:

   a. That the '775 patent be adjudged infringed by AIS under all applicable provisions of Title 35, United States Code;

   b. That AIS, its officers, directors, employees, agents and all those acting in concert with AIS be enjoined, pursuant to 35 U.S.C. §283, from all future activities infringing the '775 patent, and/or inducing or contributing to the infringement of the '775 patent by others, including making, using, selling or offering for sale the claimed subject matter of the '775 patent;

   c. That AIS be required to prepare and deliver to the Court a complete list of entities to whom AIS has sold or offered for sale any product that infringes the '775 patent;

  d. That AIS be ordered to account to AMRG for all sales, revenues, and profits derived from its infringement of the '775 patent, pursuant to all applicable provisions of Title 35, United States Code;

  e. That this Court hold AIS liable for its infringement and award AMRG its actual and compensatory damages, costs, expenses, and fees resulting from AIS's infringing activities, as provided by 35 U.S.C. § 284;

  f. That this Court award AMRG prejudgment interest, post judgment interest, and costs of Court;

  g. That this Court order that damages so found or assessed be enhanced or trebled as a result of AIS's willful, deliberate, wanton, and/or reckless infringement, as provided by 35 U.S.C. § 284;

  h. That this Court order that, because this is an exceptional case, AMRG be awarded its reasonable and necessary attorneys' fees and other litigation costs incurred in connection with this action, as provided for by 35 U.S.C. § 285; and

  i. That AMRG be awarded such other and further relief as may be just and appropriate.

Date:  December 19, 2017            Respectfully submitted,

*/s/Bradford T. Laney*
Bradford T. Laney
1800 Augusta Drive, Suite 300
Houston, TX 77057
713-429-8050 (telephone)
713-429-8045 (facsimile)
Email: blaney@amrgco.com

**GENERAL COUNSEL FOR
PLAINTIFF AM RESEARCH
GROUP, LLC**